IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| POLYMEDIX, INC., | ) | |
| | ) | Case No. 13-10689 (BLS) |
|         Debtor. | ) | |
| _____ | ) | |
| | ) | |
| POLYMEDIX PHARMACEUTICALS, INC., | ) | Case No. 13-10690 (BLS) |
| | ) | |
|         Debtor. | ) | |

Obj. Deadline: May 21, 2013 at 4:00 p.m.
Hearing Date: May 29, 2013 at 9:15 a.m.

**MOTION OF THE CHAPTER 7 TRUSTEE FOR
ENTRY OF AN ORDER AUTHORIZING JOINT ADMINISTRATION
PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL RULE 1015-1**

Jeoffrey L. Burtch, Chapter 7 trustee for the bankruptcy estates (the "Estates") of Polymedix, Inc. and Polymedix Pharmaceuticals, Inc. (the "Debtors"), moves for the entry of an order authorizing joint administration of these Chapter 7 Estates (the "Motion"), and in support of this Motion respectfully represents that:

**JURISDICTION**

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

**BACKGROUND**

3. On April 1, 2013, the Debtors filed voluntary petitions for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

4. Jeoffrey L. Burtch was appointed as interim trustee on or about April 2, 2013, pursuant to Section 701 of the Bankruptcy Code and serves as the trustee (hereinafter, "Trustee") for these cases pursuant to 11 U.S.C. § 702(d).

**RELIEF REQUESTED**

5. By this Motion, the Trustee seeks the entry of an order, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, jointly administering the Debtors' Chapter 7 cases for procedural purposes only. Upon information and belief, the above-captioned Debtors are affiliates within the meaning of Section 101(2) of the Bankruptcy Code. Accordingly, the Court has the authority to grant the relief requested in this Joint Administration Motion. *See Affidavit in Support of Motion of the Chapter 7 Trustee for Entry of an Order Authorizing Joint Administration Pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1*.

6. Many of the motions, applications, hearings and orders that will arise in the Chapter 7 cases will jointly affect each Debtor. For this reason, the Trustee respectfully submits that the interests of the Debtors, their creditors and other parties in interest would be best served by the joint administration of the Chapter 7 cases. To optimally and economically administer the Debtors' pending Chapter 7 cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to Polymedix Pharmaceuticals, Inc.

7. The Trustee also requests that the Clerk of the Court maintain one file and one docket for all of the Chapter 7 cases, which file and docket shall be the file and docket for Polymedix Pharmaceuticals, Inc.

8. The Trustee furthers request that the caption of these Chapter 7 cases be modified as follows to reflect their joint administration:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| POLYMEDIX PHARMACEUTICALS, | ) | |
| INC., et al.,[1] | ) | Case No. 13-10690 (BLS) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |

9.  In addition, the Trustee seeks the Court's direction that a separate docket entry be made on the docket of each of the other Debtors' Chapter 7 cases, substantially as follows:

> An order has been entered in these cases directing the consolidation and joint administration for procedural purposes only of the Chapter 7 cases of Polymedix Pharmaceuticals, Inc. and Polymedix, Inc. and all subsequently filed Chapter 7 cases of such Debtors' affiliates. The docket in the chapter 7 case of Polymedix Pharmaceuticals, Inc., Case No. 13-10690 should be consulted for all matters affecting these cases.

## BASIS FOR RELIEF REQUESTED

10. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b)(4). Local Rule 1015-1 similarly provides for joint administration of Chapter 7 cases when the facts demonstrate that joint administration "is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1.

11. Additionally, the joint administration of the Debtors' respective Estates will ease the administrative burden on the Court and all parties in interest in the Chapter 7 cases.

12. The joint administration of the Chapter 7 cases will also permit the Clerk of the Court to utilize a single docket for all of the cases and to combine notices to creditors and other parties in interest in the Debtors' respective cases. In addition, there will likely be numerous

---

[1] The Debtors in these chapter 7 cases, along with each Debtor's bankruptcy case number, are: Polymedix, Inc. (13-10689); and Polymedix Pharmaceuticals, Inc. (13-10690).

3

motions, applications, and other pleadings filed in the Chapter 7 cases that will affect most or all of the Debtors. Joint administration will permit counsel for all parties in interest to include all of the Debtors' Chapter 7 cases in a single caption for the numerous documents that are likely to be filed and served in these cases. Joint administration will also enable parties in interest in each of the Chapter 7 cases to stay apprised of all the various matters before the Court.

13. Joint administration of the Chapter 7 cases will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Because the Chapter 7 cases involve two (2) Debtors, joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of this Court, render the completion of various administrative tasks less costly and minimize the number of unnecessary delays. Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee.

14. Finally, the entry of joint administration orders in multiple related cases such as these is common in this District and elsewhere. An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion.

15. For these reasons, the Trustee submits that the relief requested herein is in the best interests of the Debtors, their Estates and creditors, and therefore should be granted.

[Remainder of page intentionally left blank]

WHEREFORE, the Trustee respectfully requests that the Court grant the relief requested in this Motion and such other and further relief as is just and proper.

DATED: May 8, 2013  
      Wilmington, DE

COOCH AND TAYLOR

  /s/ Dale R. Dubé  
Dale R. Dubé (2863)  
1000 West Street, 10th Floor  
P.O. Box 1680  
Wilmington, DE  19899-1680  
(302) 984-3835  
ddube@coochtaylor.com

Proposed Counsel to the Chapter 7 Trustee